HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HALFRED CATER,

    Plaintiff,

v.

KING COUNTY, *et al*.,

    Defendants.

Case No. 23-cv-451-RAJ

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

## I.   INTRODUCTION

This matter is before the Court on Defendants' motion for summary judgment. Dkt. # 26. For the reasons below, the Court **GRANTS** the motion.

## II.   BACKGROUND

Plaintiff Halfred Cater contends that King County correctional officers used excessive force against him on March 31, 2020 following his arrest and detention in the King County Jail. Dkt. # 1, ¶¶ 4.1, 4.2. On March 29, 2023, Cater filed this civil rights action under 42 U.S.C. § 1983 against King County and a number of individual County employees alleging federal and state law claims.

ORDER – 1

### III.  DISCUSSION

Defendants move for summary judgment on the grounds that Cater failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Dkt. # 26 at 5-6. Prisoners are not required to allege that they exhausted their remedies; instead, defendants must plead and prove failure to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir.) *cert. denied sub nom*. *Scott v. Albino*, 135 S.Ct. 403 (2014). When seeking to dispose of prisoner cases on exhaustion grounds, defendants must do so through a motion for summary judgment under Fed. R. Civ. P. 56. *Id*. "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Id*. Judges may decide disputed issues of fact to determine whether exhaustion occurred and have discretion to decide whether additional discovery is needed to determine exhaustion. *Id*.

All other rules of summary judgment apply. The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. *Id.*; *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). "If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).

Under the PLRA, "[n]o action shall be brought with respect to prison conditions

ORDER – 2

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." *Ross v. Blake*, 578 U.S. 632, 638 (2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)).

The exhaustion requirement of the PLRA does not apply to a formerly-incarcerated individual who files a section 1983 conditions of confinement claim after they are released from custody. *Talamantes v. Leyva*, 575 F.3d 1021 (9th Cir. 2009). However, the facts on summary judgment indicate Plaintiff was incarcerated at the time he filed the complaint and FAC and is therefore subject to the PLRA. (Dkt. # 27, ¶ 2); *see also Talamantes*, 575 F.3d at 1024 ("[I]ndividuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners' within the definition of 42 U.S.C. § 1997e.") (emphasis in original) (quoting *Page v. Torrey*, 201 F.3d 1136 (9th Cir. 2000)).

In their motion, Defendants allege that Cater did not exhaust his administrative remedies because he failed to file a written grievance related to the March 31, 2020 event in King County Jail. King County's grievance process requires the inmate to file a grievance within 14 days of the incident. Dkt. # 28-2 at 5 (grievances "must be submitted within 14 calendar days of the incident that you are grieving."); Dkt. # 28-2 at 5 (When completing grievance, "make sure the grievance form is signed, dated and legible. . . . Submit your grievance by placing it in the grievance lock box in your unit. List only one complaint per form."). Cater does not dispute that he did not file a written grievance. The facts also show that Cater was aware of King County's grievance process because he filed three grievances while in custody, including one a few months after the alleged

ORDER – 3

incident. Dkt. # 28-1 at 2-7. Accordingly, Cater's arguments (1) that he made verbal complaints, (2) that he was not required to follow the written grievance process, and (3) that fairness and practicality require waiving the PLRA exhaustion requirement, are without merit.

Cater further claims that the exhaustion requirement should be disregarded because he felt that the guards would "beat [him] up again" if he filed a grievance. Dkt. # 29-2 at 3. The Ninth Circuit has recognized that acts by prison officials that prevent the exhaustion of administrative remedies may make administrative remedies effectively unavailable to a prisoner and thereby excuse a prisoner's failure to exhaust administrative remedies." *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015); *Nunez v. Duncan*, 591 F.3d 1217, 1224-25 (9th Cir. 2010). However, a prisoner must provide "a basis for the court to find that he actually believed prison officials would retaliate against him if he filed a grievance. *McBride*, 807 F.3d at 987. This showing is made by a two-part test: (1) the threat [of retaliation] actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust. *Id.* at 987 (citations omitted). In this case, Cater fails to show what statements were made to him by the prison officials, or whether the statements themselves made reference to a grievance or to anything else that might trigger a future attack. *Id.* at 989. Therefore, the Court finds there is no objective indication that a reasonable inmate would have understood any alleged threat to be aimed at deterring Cater from filing a grievance.

Based on all the evidence in the record, Defendants have met their burden of establishing that Cater failed to fully exhaust the administrative review process available to him on any of the claims he brings here. Therefore, his claims are premature and must be dismissed without prejudice. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003), *overruled on other grounds in Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) ("If a

ORDER – 4

prisoner has failed to exhaust his administrative remedies, the appropriate remedy is dismissal without prejudice.").

### IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** the motion for summary judgment. Dkt. # 26.

DATED this 7th day of November, 2023.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5